# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE: SUBPOENAS TO L. GIORDANI & CUSTODIAN OF RECORDS FOR GIORDANI BAKER GROSSMAN & RIPP LLP<br><br>ARMSTRONG TEASDALE LLP,<br>    *Plaintiff*<br><br>v.<br><br>MATT MARTORELLO, ET AL.,<br>    *Defendants* | CAUSE NO. 1:22-MC-111-LY<br>(CIVIL ACTION NO. 2:22-CV-03631, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA) |

## ORDER

Before the Court is the Non-Parties' Motion to Quash Subpoenas, filed February 10, 2022 (Dkt. 1). On February 15, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(i)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended ("Local Rules"). Dkt. 3.

The dispute in the underlying case, which is pending in the Eastern District of Pennsylvania, involves legal services rendered by Plaintiff Armstrong Teasdale LLP to Defendants Matt Martorello, Justin Martorello, Eventide Credit Acquisitions LLC, Gallant Capital LLC, and Liont LLC ("Defendants"). *Armstrong Teasdale LLP v. Martorello*, No. 2:21-cv-03631 (E.D. Penn. 2021). On January 28, 2022, Plaintiff served Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoenas") on Non-Parties Leslie C. Giordani, individually and as Custodian of Records for Giordani Baker Grossman & Ripp LLP ("the Firm"), commanding Giordani to produce documents to an office located in

Philadelphia, Pennsylvania. Non-Party Giordani resides and works in Austin, Texas. The Firm also is located in Austin, Texas.

Non-Parties now file this Motion to Quash the Subpoenas under Federal Rule of Civil Procedure 45, asserting that the Subpoenas (1) were not properly served; (2) fail to allow reasonable time to comply; (3) improperly attempt to require compliance beyond the geographical limits by Rule 45(c); (4) improperly require disclosure of privileged or other protected matters; and (5) pose an undue burden on the Non-Parties. Plaintiff have not responded to the Motion.

Under Local Rule CV-7(d)(2), responses to non-dispositive motions are due within seven days after the motion is filed; if no response is timely filed, a court may grant the motion as unopposed. Plaintiff did not respond to the Non-Parties' Motion by the deadline.

Accordingly, the Court **GRANTS** Non-Parties' Motion to Quash Subpoenas (Dkt. 1) as unopposed pursuant to Local Rule CV-7(d)(2).

**SIGNED** on February 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE